UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| HAROLD A. HAGGERTY, III, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 2:11 CV 134 |
| v. | ) |  |
|  | ) |  |
| TROY KIMIEC, *et al.*, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Harold A Haggerty, III, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law."

*Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A plaintiff does not need specific, detailed factual allegations, but only "fair notice" of the claim and "the ground on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "RULE 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3.

Haggerty alleges that on December 6, 2010, at the Westville Correctional Facility, after he asked to speak to Captain George Payne, Sergeant DePealo and Officer Troy Kimiec pushed him into a wall while he was cuffed and shackled, resulting in two chipped teeth and an injured lip. Shortly after, Kimiec sprayed Haggerty with mace without provocation. Following the macing, Haggerty was taken to "the rec room" and sprayed down by Officer M. Edwards with a hose. He was then placed in a "freezing cold" cell wet, without clothes, for twenty-four hours. (DE # 4 at 3.) Haggerty states that Payne was present and personally authorized these events during which he said that he wanted "to see [Haggerty] suffer." (*Id.*)

When a prison official undertakes measures to secure a facility, the test for whether the measure violated the Eighth Amendment by inflicting "unnecessary and wanton pain and suffering" is whether the force was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citations and quotation marks omitted). Giving Haggerty the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, it is reasonable to infer that Payne ordered the

2

shoving and macing. As such, Haggerty has stated an excessive force claim against Payne, Kimiec, and DePealo for shoving him into the wall without justification as well as an excessive force claim against Payne and Kimiec for macing him without justification.

Although being hosed down by Edwards was undoubtedly uncomfortable, merely describing an independently lawful activity and then positing some nefarious motive, without additional allegations, does not suffice to state a claim. *See Twombly*, 550 U.S. at 556. Nothing in Haggerty's complaint alleges or gives reason to infer that he was injured by being sprayed or that Edwards was acting with the "purpose of causing harm." Haggerty had just been maced, and spraying him with water is consistent with trying to remove the mace from his body and preventing further irritation. Thus, Haggerty does not state a claim against Edwards.

Regarding the conditions of the cell, "[t]he Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement." *Knight v. Wiseman*, 590 F.3d 458, 563 (7th Cir. 2009). Eighth Amendment claims must satisfy an objective and subjective inquiry. *Whiteman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). The objective inquiry is "whether the alleged deprivation or condition of confinement is 'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). If a plaintiff satisfies the objective inquiry, then courts must "determine the prison official's subjective state of mind; that is, whether 'he knows that inmates face a

3

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Id.* (quoting *Farmer*, 511 U.S. at 847). "Under the amendment, life's necessities include shelter and heat as well as hygiene items." *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (citation omitted).

While any one factor might not be enough, the combination of placing Haggerty in a "freezing cold" room, wet and without clothing, for an extended period of time, could amount to a substantial risk for serious harm. Indeed, among the most frequent deprivations discussed in *Gillis* as qualifying as an Eighth Amendment violation is insufficient heating. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Lewis v. Lane*, 816 F.2d 1165 (7th Cir. 1987). Therefore, Haggerty states a claim against Payne for subjecting him to inhumane conditions of confinement.

Haggerty also alleges that he was denied medical treatment by Kimiec. Haggerty states in his complaint that Kimiec directed a prison nurse to refuse him medical treatment for his right eye and that he has been prevented from receiving medical treatment for several months. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Haggerty does not state how or when his eye was injured or what treatment he needed. Neither does he state the manner in which he attempted to obtain treatment or how Kimiec has prevented him from obtaining treatment for months. Even giving Haggerty the benefit of the inferences to which he is entitled, in the absence of any allegation that he had a

serious medical need or that Kimiec was personally involved in preventing him from receiving medical treatment for months, he has not provided a sufficient "showing" that Kimiec could be liable to him. *See Twombly*, 550 U.S. at 556 n.3.

Finally, appearing on the list of defendants, but not appearing anywhere else in the complaint, is Officer R. Baker. The instructional language on the 42 U.S.C. § 1983 Prisoner Complaint Form warned the plaintiff that "[i]f you do not write what each defendant did . . . that defendant will be dismissed." (DE # 4 at 3.) Because no claims were alleged against him, the court dismisses R. Baker as a defendant.

For the foregoing reasons, the court:

(1) **GRANTS** Harold A. Haggerty, III, leave to proceed against Captain George Payne, Sergeant DePealo, and Officer Troy Kimiec in their individual capacities for monetary and punitive damages for excessive use of force in shoving him into a wall without justification on December 6, 2010 in violation of the Eighth Amendment;

(2) **GRANTS** Harold A. Haggerty, III, leave to proceed against Captain George Payne, and Officer Troy Kimiec in their individual capacities for monetary and punitive damages for excessive use of force for macing him without justification on December 6, 2010, in violation of the Eighth Amendment;

(3) **GRANTS** Harold A. Haggerty, III, leave to proceed against Captain George Payne in his individual capacity for monetary and punitive damages for inhumane conditions of confinement on December 6, 2010, in violation of the Eighth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** defendants Officer M. Edwards and Officer R. Baker;

(6) **DIRECTS** the clerk to transmit the summons and USM-285's for Captain George Payne, Sergeant DePealo, and Officer Troy Kimiec to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (DE # 4);

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Captain George Payne, Sergeant DePealo, and Officer Troy Kimiec; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Captain George Payne, Sergeant DePealo, and Officer Troy Kimiec respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

### SO ORDERED.

Date: June 29, 2011

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT